Provided to Walton CI
On **4-14-2023** for Mailing
      Date

By (officer initials) **KE** (P+)

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: mi delle | |
|---|---|---|
| Name (under which you were convicted):<br><br>PORFIRIO CORREA TORRES | | Docket or Case No.: |
| Place of Confinement: WALTON C.I.<br>691 Institution RD<br>DeFuniak Springs Fl. 32433. | Prisoner No.:<br><br>DC# 993182 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |

v.

PORFIRIO CORREA TORRES          STATE OF FLORIDA.

The Attorney General of the State of:

3:23-cv-498-BJD-JBT

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT, IN AND FOR PUTNAM COUNTY FLORIDA.

(b) Criminal docket or case number (if you know): 2013-1168-CF

2.   (a) Date of the judgment of conviction (if you know): verdict 11-17-2016

(b) Date of sentencing: December 21. 2016

3.   Length of sentence: CT① Life, CT② 5 Years both with 1245 day Credit.

4.   In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case: CT① First Degree murder, And CT② False Imprisonment.

6.   (a) What was your plea? (Check one)

    ☑ (1)   Not guilty    ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty       ☐ (4)   Insanity plea

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL.
JACKSONVILLE, FLORIDA
2023 APR 27 PM 3: 15
FILED

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _2_ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  Not Guilty on both Counts.

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: FIFTH DISTRICT COURT of APPEAL IN FLORIDA.

(b) Docket or case number (if you know): 5D17-206

(c) Result: Anders V. California - Per Curiam Opinion

(d) Date of result (if you know): August 30 2017 2017, February 20 2018

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Putnum County Court

(2) Docket or case number (if you know): 2013-1168-CF

(3) Date of filing (if you know): May 29 2018 reopened on 8-24-2020

(4) Nature of the proceeding: 3850 motion

(5) Grounds raised: Violation of "fourth, fifth, sixth, fourteenth, U.S. state And, Article 1, Section 9 and Article X, section 9 of state of florida Constitution. Retroactive Application". Failing to object to the Jury Instructions which were provided to Jury Concerning "Justifiable Use of Deadly force" Petitioner Had no duty to retreat. However the instruction say He did if He was not engage in Any illegal active. Petitioner was Arrested on July 25 2013 Trial took place 2016 Nov 15-17. 2016 Jury instruction were given. Trial Court gave none Applicable law. Stand Your Ground law 2013 not 2016 after A substantive manner to each provision with in chapter 776 Stand Your Ground Law. The law applied do not Apply to the case.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☒ Yes  ☐ No  Through mail:

(7) Result: The state Agreed the these instruction were of 2016 And since June 20 2014 the stand Your Ground law was Amended substantively. Summarily denied.

Page 4 of 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know): March 23 2021 And July 27 2021.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Putnum County Court Florida.

(2) Docket or case number (if you know): 2013-1168-CF

(3) Date of filing (if you know): 9-9-21

(4) Nature of the proceeding: Fla.R. Crim. P. 3800(A)

(5) Grounds raised: Defendant Contests that His sentence is illegal Since trial Court violated United state Constitution 6.14, Article (1) Section 9, And Article x, Section 9, of Florida Constitution. Provision of "No duty to retreat" of Chapter 776. 2005-2013 Amended on June 20 2014. Trial Court told the Jury that the 2016 Stand Your Ground law is the only law that Applies to my offense's. which is NOT true because the only law that do apply is of 2005-2013.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No  through mail / No evidence Hearing

(7) Result: denied

(8) Date of result (if you know): (NOT Sure)

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Putnum County Court in Florida

(2) Docket or case number (if you know): 2013-1168-CF

(3) Date of filing (if you know): 2-26-2021

(4) Nature of the proceeding: Appointment of Counsel

(5) Grounds raised: Requesting to Appont Counsel Since Trial Counsel was ineffective for Failure to object to preserve issue for Appeal. The Justifiable Use of Deadly Force section 3.6 F 2016 was erroneously Applied by Trial Counsel, Trial Court, when 2013 instructions Applied". Petitioner explained throughout Appeal that statute 776.012, 776.013, 776.031 was Amended And this Amendment Constitutes A Substantive change to each statute And therefore Article X, Section 9 Florida Constitution imposes a restriction on retroactive application of Criminal legislation

Page 5 of 16

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *denied*

(8) Date of result (if you know): *NOT KNOWN*

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☑ Yes    ☐ No

(3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: *4, 5, 6, 14th Amendment U.S. Constitution, Ex post facto, And Article x, section 9 Florida Constitution. And law of the land.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Defendant was charge on July 25 2013 with first degree murder and false imprisonment. On June 20 2014 The Stand Your Ground law was ~~Amendment~~ Amended which Constitutes a substantive change in a Criminal statute. Therefore cannot be applied retroactively to Pending cases. defendant ~~whent~~ went to trial Nov 15-17 2016 2016 instruction were given, Not 2013 instruction. The New law did not applied And it restricted him. made defendant retreat when 2013 law didn't.*

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   1. I did/Do not under-
stand the law. 2. My direct appeal Counsele should had done her job.
right. and because even she understood trial Court used 2016 instuctions
Not 2013.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:   ~~Florida~~ State Agreed with Defendant but
claim No harm was commited.

Type of motion or petition:   3,850 motion

Name and location of the court where the motion or petition was filed:   Putnam County

Docket or case number (if you know):   2013-1168-CF

Date of the court's decision:   March 23 2021 and July 27 2021

Result (attach a copy of the court's opinion or order, if available):   ~~Pre-C~~ denied

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:   I file a rehearing since 5th DCA over
Looked the fact that Florida Constitution
Name and location of the court where the appeal was filed:   was veilated. Art x sec 9. Florid Constidut
5DCA of Florida

Docket or case number (if you know):   2013-1168-CF or 5DCA# 21-2136

Date of the court's decision:   Pre Com afficmed ~~Note~~ unKnown to defendant

Result (attach a copy of the court's opinion or order, if available):
Pre Com affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
I do not Know How these step are taken. laymen to law

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I went to the lower Court next SDCA Now im Here. Everyone seem to Claim no harm were done by given the none Applible laws. The lower Court told the Jury no other law Applies. In Correct statement because the 2016 law do not

**GROUND TWO:** Applie At All. Lower Court misleaded the Jury voilation of Art, x, sect, Florida Constitution And U.S. Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I did not add Any other Grounds because this is fundalment to inform the jury on the Wrong laws. And then try to Justify there Actions.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?         ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :


**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:



(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

   (2) If you did not raise this issue in your direct appeal, explain why:



(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐  Yes    ☐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:



   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):



   (3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☐  No

   (4) Did you appeal from the denial of your motion or petition?    ☐  Yes    ☐  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:



   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

   (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   I had other Grounds, However Since this one Ground is in Violation and of Art, X sect Floida Constitution Because a Substantive Change in to the old law, A error was Commited.

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   If there Any reason I should had to no one would help uner paid.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ℐℐ.   ☑ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: ~~After plead~~

(c) At trial:    Clyde M Taylor. Jr
2303 Pance De Leon Blvd, Suite L
St. Augustine, FL 32084.
(d) At sentencing:

(e) On appeal:   Valarie Linnen, ESQ.   Florida Bar No.: 63291
P.O. Box 330339, Atlantic Beach, FL 32233   vlinnen@live.com
Torres v. State  5D17-206.
(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?      ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file. any petition that challenges the judgment or sentence to be served in the

future?     ☑ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

If I am out of time within my one year is not my fault
I filed on may 29 2018, 3 months after first mandate. It was
unheard/seen until ~~2020~~ 8-28-2020 Answered on March 23 2021
Final July 2021 mandated April 4 2022. ~~Thereft~~ Thereafter
Cov-19 + transfered to prison to prison. each institution has
there own rule etc.

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   *see:* *Bolduc v. State* 279 So.3d 768 : 2019., Dooley v. State, 268 So. 3d 880, 888 N.6 (Fla. 2d DCA 2019) Dorsey, 149 So.3d at 146 N.2.; Rios, 143 So. 3d at 1170 N.3)., Collins v. Blackwood v. State 946 So. 2d 960 969 (Fla. 2006).
~or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)
Porfirio Correa Torres
Dc # 993182.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on          4-24-23          (month, date, year).

Executed (signed) on          4-14-23     (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.