**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PORFIRIO CORREA TORRES,

      Petitioner,

v.                                                                Case No. 3:23-cv-498-WWB-SJH

SECRETARY, DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____

**ORDER**

THIS CAUSE is before the Court on Petitioner's pro se Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment ("**Petition**," Doc. 1) and Respondent's response to the Petition ("**Response**," Doc. 10). Respondent requests that the Court dismiss the Petition on the ground that Petitioner has not complied with the federal one-year limitations period set forth in 28 U.S.C. § 2244(d).[1] (*See* Doc. 10 at 1). Petitioner vaguely addresses timeliness in his Petition, saying that if he had filed it "out of time . . . [it] is not [his] fault" because of COVID-19 and prison transfers. (Doc. 1 at 14). The Court afforded Petitioner ample time and opportunity to file a reply addressing Respondent's timeliness argument (Doc. Nos. 8, 13, 14, 16, 19, 22, 23, 25, 27), but he has not done so. For the reasons stated in this Order, the Petition will be dismissed as untimely.

---

[1] With the response, Respondents filed a composite appendix ("**Appendix**," Doc. 10-1).

## I.    PROCEDURAL HISTORY

As to the issue of timeliness, the following procedural history is relevant: a jury found Petitioner guilty of the charges against him on November 17, 2016, (Appendix B at 617–18); the trial court entered a judgment and sentence on January 3, 2017, (Appendix C); through appointed counsel, Petitioner timely filed a direct appeal with Florida's Fifth District Court of Appeal ("**Fifth DCA**"), (Appendix E); the Fifth DCA per curiam affirmed Petitioner's judgment and sentence without a written opinion on February 20, 2018, (Appendix I); on May 29, 2018, Petitioner filed in the trial court a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 ("**Rule 3.850 Motion**"), (Appendix K); on July 27, 2021, the trial court summarily denied Petitioner's Rule 3.850 Motion, (Appendix M); the Fifth DCA per curiam affirmed the trial court's denial of the Rule 3.850 Motion on January 18, 2022, and, after denying Petitioner's motion for rehearing, issued its mandate on April 4, 2022, (Appendix O, Q); and Petitioner mailed his Petition to this Court on April 14, 2023, (Petition at 1).[2]

## II.    LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("**AEDPA**") imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2] Petitioner also filed in the trial court a motion under Rule 3.800(a) to correct his sentence ("**Rule 3.800 Motion**"). (Appendix S). That motion was filed and resolved all while Petitioner's appeal from the denial of his Rule 3.850 Motion was pending. (*See id.*; *see also* Appendix T). Petitioner did not file a notice of appeal from the denial of his Rule 3.800 Motion.

2

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

III.    **ANALYSIS**

The Court concludes Petitioner failed to timely file his Petition.  Because Florida law does not permit the Florida Supreme Court to review an affirmance issued without a written opinion, *see* Fla. R. App. P. 9.030(a)(2), Petitioner's conviction and sentence became final when the time for filing a petition for a writ of certiorari in the United States Supreme Court expired.  *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018); *Chavers v. Sec'y, Fla. Dep't of Corrs.*, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (stating that "[t]he judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a

petition for a writ of certiorari," and holding that "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)").

The time for Petitioner to file a petition for a writ of certiorari expired on May 21, 2018,[3] ninety days after the Fifth DCA's per curiam affirmance on February 20, 2018. Petitioner's judgment and sentence became final the next day, on May 22, 2018, and his federal limitations period began the day after, on May 23, 2018.  Petitioner's limitations period ran for six days until it was tolled on May 29, 2018, when Petitioner filed his Rule 3.850 Motion.  The limitations period remained tolled through April 4, 2022, when the Fifth DCA issued its mandate.  Petitioner's limitations period commenced the following day, on April 5, 2022, with 360 days remaining in which to timely initiate a federal habeas action. Petitioner filed his habeas Petition 374 days later, on April 14, 2023.  As such, it was late.

In his Petition, Petitioner vaguely invokes the equitable tolling exception, suggesting a prison transfer during COVID-19 excuses his delay.  (*See* Doc. 1 at 14). "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015).  The United States Supreme Court established a two-prong test for equitable tolling of the one-year limitations period, stating that a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and

---

[3] Respondent incorrectly calculated the ninety-day period as ending on May 19, 2018.  (*See* Doc. 10 at 3).  The mistake does not alter the outcome.

4

prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."). "Conclusory allegations [are] insufficient to support a claim that equitable tolling is appropriate." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).[4]

Petitioner does not carry his "strong burden" to show he is entitled to equitable tolling. *See Brown*, 512 F.3d at 1307. Not only are Petitioner's unexplained and unsupported assertions conclusory, but the circumstances he references are not sufficient to invoke equitable tolling. First, "transfer of a prisoner from one facility to another is . . . a routine practice," not an extraordinary circumstance. *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004). Second, the Eleventh Circuit has held—albeit in unpublished decisions—that the COVID-19 pandemic does not excuse a prisoner's failure to comply with AEDPA's limitations period. *Gainey v. Sec'y, Dep't of Corr.*, No. 22-10650-A, 2022 WL 1786543, at *1 (11th Cir. May 20, 2022) (holding the petitioner did not demonstrate he was entitled to equitable tolling by arguing he had limited access to the law library due to COVID-19 because he did not explain how the "restricted access impacted his filing, which copied his prior state court filings"); *Whitaker v. Comm'r, Ga. Dep't of Corr.*, No. 21-14467-A, 2022 WL 2156663, at *2 (11th Cir. May 3, 2022) ("While the Covid-19 pandemic may have impacted [the petitioner's] access to legal materials . . . his circumstances were not different than any other prisoner attempting to access legal resources."); *Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL

---

[4] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

5

3134763, at *1 (11th Cir. June 22, 2021) (holding that a prison's implementation of COVID-19 protocols did not constitute extraordinary circumstances for purposes of equitable tolling because the petitioner's "circumstances were not different than any other prisoner attempting to access legal resources").

For the reasons stated, Petitioner has not met his burden of showing entitlement to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Cadet v. Fla. Dep't of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017).  Nor has he shown actual innocence as a gateway to federal habeas review.  As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

2.  The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

3.  If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.  Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.[5]

---

[5] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v.*

**DONE AND ORDERED** in Jacksonville, Florida on May 14, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:    Porfirio Correa Torres
       Counsel of Record

---

*Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.